FILED

MAM

7/20/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

PETER VIVACQUA

Case No.

**1:26-cr-00394**
**Judge Sharon Johnson Coleman**
**Magistrate Judge Laura K. McNally**
**RANDOM / Cat. 3**

Violation: Title 18, United States Code, Section 1343

## COUNT ONE

The SPECIAL APRIL 2025 GRAND JURY charges:

1.     At times material to this indictment:

   a.     Defendant PETER VIVACQUA was a resident of the Northern District of Illinois.

   b.     Veloce Wood-Fired Pizze ("Veloce") was a business located in the Northern District of Illinois that was solely owned by VIVACQUA.

   c.     Company A was an international hardware and software company that provides merchants with point-of-sale devices to allow customers to pay for products through credit and debit cards, as well as prepaid cards.

2.     Beginning on or about August 26, 2022, and continuing until at least September 25, 2022, at Highland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

PETER VIVACQUA,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud Company A, and to obtain money and property by means of

materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that defendant entered into an agreement with Company A to obtain a point-of sale-device for use by Veloce customers.

4. It was further part of the scheme that defendant purchased approximately 56 prepaid cards from convenience stores.

5. It was further part of the scheme that defendant fraudulently used the prepaid cards with the point-of-sale device provided by Company A in a manner to make it appear that the cards were being used by customers of Veloce.

6. It was further part of the scheme that defendant fraudulently represented to Company A that Veloce customers were using the prepaid cards to pay for tips worth hundreds of dollars at Veloce, when, as defendant knew, Veloce customers had not used the prepaid cards to pay for the tips.

7. It was further part of the scheme that, by entering tip amounts in Company A's point-of-sale device that defendant knew exceeded the amount of funds available on the prepaid cards, defendant fraudulently represented to Company A that the prepaid cards had sufficient funds to pay for those tips.

8. It was further part of the scheme that defendant received funds from Company A for the full amount charged to the prepaid cards, including the fraudulent tips.

9. It was further part of the scheme that defendant used the prepaid cards to conduct more than 230 fraudulent transactions.

10.     It was further part of the scheme that defendant ignored attempts by Company A to recoup the money defendant had received from Company A through the fraudulent transactions, and used the funds for his own personal use, including gambling.

11.     It was further part of the scheme that defendant misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

12.     As a result of the scheme, defendant fraudulently received approximately $176,174.77, and unsuccessfully attempted to fraudulently obtain another $18,294.38, from Company A.

13.     On or about August 26, 2022, at Highland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

PETER VIVACQUA,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a presentation for payment of a retail sale using a prepaid card ending in 8594, which was processed through Company A's servers located outside of Illinois;

In violation of Title 18, United States Code, Sections 1343.

## COUNT TWO

The SPECIAL APRIL 2025 GRAND JURY further charges:

1.      Paragraphs 1 through 12 of Count One are incorporated here.

2.      On or about September 13, 2022, at Highland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

PETER VIVACQUA,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a presentation for payment of a retail sale using a prepaid card ending in 1271, which was processed through Company A's servers located outside of Illinois;

In violation of Title 18, United States Code, Sections 1343.

## COUNT THREE

The SPECIAL APRIL 2025 GRAND JURY further charges:

1.     Paragraphs 1 through 12 of Count One are incorporated here.

2.     On or about September 25, 2022, at Highland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

PETER VIVACQUA,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a presentation for payment of a retail sale using a prepaid card ending in 3784, which was processed through Company A's servers located outside of Illinois;

In violation of Title 18, United States Code, Sections 1343.

## FORFEITURE ALLEGATION

The SPECIAL APRIL 2025 GRAND JURY alleges:

1.      Upon conviction of an offense in violation of Title 18, United States Code, Sections 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $176,174.77.

3.      If any of the property described above, as a result of any act or omission by the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY